Marc Libarle (CABN: 071678)
LAW OFFICES OF MARC LIBARLE
1388 Sutter St, Ste 910
San Francisco, CA 94109
Phone: (415) 928-2400
Email: ml7006@gmail.com

Timothy J. Haller (*Pro Hac Vice Pending*)
HALLER LAW PLLC
230 E Delaware Pl, Ste 5E
Chicago, IL 60611
Phone: (630) 336-4283
Email: haller@haller-iplaw.com

**Attorneys for Plaintiff,
BelAir Electronics, Inc.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BELAIR ELECTRONICS, INC., | Case No. 2:25-cv-01036 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| WESTSIDE LAB, INC. (dba CASETiFY), | |
| Defendant. | |

Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") complains of Defendant Westside Lab, Inc. (dba CASETiFY) ("Defendant") as follows:

## NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2.      Plaintiff BelAir is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3.      BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,194,291, entitled "Protective Mask of Mobile

Phone," which issued on March 20, 2007 (the "'291 Patent", see https://patents.google.com/patent/US7194291); United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent", see https://patents.google.com/patent/US7941195); and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which issued on October 9, 2018 (the "'676 Patent", see https://patents.google.com/patent/US10097676) (collectively, the "Asserted Patents").

4.      BelAir has the exclusive right to license, enforce and collect all past damages for infringement of the Asserted Patents for the period starting six years prior to the filing date of this suit (August 11, 2019) through the expirations of the Asserted Patents. BelAir also has standing to sue for infringement of the Asserted Patents.

5.      Upon information and belief, Defendant is a domestic California corporation with a registered principal address at 2108 N Street, Suite N, Sacramento, California 95816.

6.      In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied Defendant's publicly-available product literature and, among other things, purchased protective masks for mobile devices through Defendant's Amazon store, for assessment as representative of Defendant's infringing products (as identified in Exhibit A and Exhibit B). The infringing products detailed, and all substantially similar products, are collectively referred to as the "Accused Products" as detailed further below.

7.      Defendant primarily advertises and sells Accused Products at https://www.amazon.com/sp?ie=UTF8&seller=A38ND1U5XKP6P; https://www.amazon.com/s?me=A38ND1U5XKP6P&marketplaceID=ATVPDKIKX0DER; https://www.amazon.com/stores/Casetify/page/519D82F9-7D8D-4EEC-8B68-7C4C078A6F7C; https://www.bestbuy.com/site/brands/casetify/pcmcat1693497226334.c?id=pcmcat1693497226 334; https://www.casetify.com/; https://www.target.com/c/cell-phone-cases-tech-accessories-electronics/casetify/-/N-55n9sZq643le930p8; https://www.verizon.com/products/casetify/; https://www.walmart.com/c/brand/casetify; and related product pages associated with Defendant

and accessible through the websites of Amazon, BestBuy, Target, Verizon, Walmart, and Defendant (collectively, the "Defendant eCommerce websites").

8.    Defendant offers for sale and sells the Accused Products for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

9.    BelAir's claims for patent infringement against Defendant arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. This Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.    Defendant operates and conducts business in the state of California and directs advertisements at residents of California – which are covered by claims of the Asserted Patents – and throughout the United States including California and this Judicial District.

11.    Defendant is a registered California corporation currently doing business in this Judicial District, has purposefully availed itself of the privilege of conducting business with residents of this Judicial District, has purposefully reached out to residents of this Judicial District, and has established sufficient minimum contacts with the State of California such that it should reasonably and fairly anticipate being haled into court in California.

12.    Venue in this Judicial District is proper under 28 U.S.C. § 1400(b) because Defendant resides in this Judicial District.

## THE ACCUSED PRODUCTS

13.    Defendant has infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Defendant's protective masks for mobile devices (the "Accused Products").

14.    As presently advised, the Accused Products include the categories of protective masks for mobile devices ("Case Styles") as detailed in Exhibit A and Exhibit B and the Defendant eCommerce Websites.

COMPLAINT FOR PATENT INFRINGEMENT

15.    Defendant's Accused Products also include a smaller subset of protective masks for mobile devices consisting of two portion cases (herein referred to as the "Two Portion Accused Products"). See Exhibit B for a detailed list, exemplary photos, and product page links to the Two Portion Accused Products. For avoidance of doubt, the Two Portion Accused Products in Exhibit B are a smaller subset of the Accused Products in Exhibit A and are included in and a part of the Accused Products. All Defendant's Accused Products are alleged to infringe at least independent Claim 9 of the '195 Patent and independent Claims 1, 5, 8, and 9 of the '676 Patent. In addition to these claims, Defendant's Two Portion Accused Products are alleged to additionally infringe at least independent Claims 1, 6, and 9 of the '291 Patent and independent Claims 1 and 6 of the '195 Patent.

16.    The Accused Products, as illustrated below, are those protective masks that are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. The Accused Products are those protective masks that comprise a flange or retainer (as recited in the asserted claims, *infra*). Upon information and belief, such a flange is indicated by the marking(s) in the illustrations hereinbelow. The Accused Products also may use flange(s) or retainer(s) in conjunction with substantial surface to surface contact by the inner surface of the protective mask which conforms to the contour of the outer surface of the mobile device, working together to provide non-permanent, temporary protection to the mobile device. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access to the interface as well as inputs and outputs, as well as protective masks that have patterns, nameplates, type, text, or graphic elements. See Exhibit A and Exhibit B for exemplary photos for all categories of Defendant's Case Styles. Below are pictures of representative Accused Products.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9

 

10   Sold at https://www.amazon.com/dp/B0B8S7YKYY/?th=1 (See Exhibit A and pictures of

11   representative products).

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 

1
2
3
4
5
6
7
8



9
10
11
12
13
14
15
16
17
18



19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15




16
17
18
19
20
21
22
23
24



25    Sold at https://www.amazon.com/dp/B0BG5M78KZ/?th=1 (See Exhibit A and Exhibit B and

26    pictures of representative products).

27
28

COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






COMPLAINT FOR PATENT INFRINGEMENT






Sold at https://www.amazon.com/dp/B0B3M1PQC6?th=1 (See Exhibit A and pictures of representative products).

17.    The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and therefore infringed, any asserted claim of the Asserted Patents whether sold directly or via other online marketplaces or brick and mortar retail stores.

18.    After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

1

**INFRINGEMENT BY DEFENDANT**

2

**COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,194,291**

3

    19.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 18,

4

inclusive, as though fully set forth herein.

5

    20.    Defendant directly infringed at least independent Claims 1, 6, and 9 of the '291

6

Patent (prior to its expiration on or about November 16, 2022).

7

**CLAIM 1**

8

    21.    The Two Portion Accused Products, as manufactured, sold, offered for sale,

9

advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask

10

adapted to be coupled to an exterior housing of a mobile phone having internal components

11

including circuitry and a battery, which are covered by the exterior housing, in accordance with

12

the limitations of Claim 1 of the '291 Patent.

13

    22.    Specifically, the Two Portion Accused Products, comprised:

14

        a.    first mask portion, molded to conform to the shape of a first portion of the

15

               exterior housing of the mobile phone, the first mask portion having flanges

16

               to couple the first mask portion to the exterior housing of the mobile phone

17

               to retain the first mask portion to the first portion of the exterior housing so

18

               that the first mask portion covers the first portion of the exterior housing of

19

               the mobile phone; and

20

        b.    a second mask portion, molded to conform to the shape of a second portion

21

               of the exterior housing of the mobile phone, the second mask portion

22

               adapted to be coupled to the mobile phone to retain the second mask portion

23

               to the second portion of the exterior housing so that the second mask portion

24

               covers the second portion of the exterior housing of the mobile phone;

25

        c.    wherein said first and second mask portions are retained to the exterior

26

               housing of the mobile phone.

27

28

COMPLAINT FOR PATENT INFRINGEMENT

23.     As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, 4, and 5 of the '291 Patent.

**CLAIM 6**

24.     The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 6 of the '291 Patent.

25.     Specifically, the Two Portion Accused Products comprised:

       a.    a[] first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

       b.    said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

       c.    a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

       d.    wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

26.     As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 7 and 8 of the '291 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

**CLAIM 9**

27.    The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '291 Patent.

28.    Specifically, the Two Portion Accused Products comprised:

    a.    a[] first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having a flange to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

    b.    the first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone;

    c.    a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the housing of the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone; and

    d.    the second mask portion includes an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone.

29.    As presently advised, one or more Two Portion Accused Products also likely satisfied the limitations of, and infringed, dependent Claim 10 of the '291 Patent.

30.     To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '291 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '291 Patent.

31.     Defendant had notice of the '291 Patent and the likelihood of infringement thereof at least as early as July 24, 2024, pursuant to email correspondence from BelAir to Defendant, with further correspondence exchanged.

32.     Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195**

33.     Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

34.     Defendant directly infringed at least independent Claims 1, 6, and 9 of the '195 Patent (prior to its expiration on or about November 16, 2022).

**CLAIM 1**

35.     The Two Portion Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 1 of the '195 Patent.

36.     Specifically, the Two Portion Accused Products comprised:

      a.     a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and

1         b.    a second mask portion, molded to conform to the shape of a second portion

2               of the exterior housing of the mobile phone, the second mask portion

3               adapted to be coupled to the mobile phone to retain the second mask portion

4               to the second portion of the exterior housing so that the second mask portion

5               covers the second portion of the exterior housing of the mobile phone;

6         c.    wherein said first and second mask portions are retained to the exterior

7               housing of the mobile phone.

8        37.    As presently advised, one or more Two Portion Accused Products also likely

9    satisfied the limitations of, and infringed, dependent Claims 2, 3, 4, and 5 of the '195 Patent.

10    **CLAIM 6**

11        38.    The Two Portion Accused Products, as manufactured, sold, offered for sale,

12    advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask

13    adapted to be coupled to an exterior housing of a mobile phone having internal components

14    including circuitry and a battery, which are covered by the exterior housing, in accordance with

15    the limitations of Claim 6 of the '195 Patent.

16        39.    Specifically, the Two Portion Accused Products comprised:

17         a.    a first mask portion, molded to conform to the shape of a first portion of the

18               exterior housing of the mobile phone, the first mask portion is adapted to be

19               coupled to the mobile phone to retain the first mask portion to the first

20               portion of the exterior housing so that the first mask portion covers the first

21               portion of the exterior housing of the mobile phone;

22         b.    said first mask portion including an opening that is associated with an

23               opening in the exterior housing to permit access to a feature of the mobile

24               phone; and

25         c.    a second mask portion, molded to conform to the shape of a second portion

26               of the exterior housing of the mobile phone, the second mask portion

27               adapted to be coupled to the mobile phone to retain the second mask portion

28

COMPLAINT FOR PATENT INFRINGEMENT

1      to the second portion of the exterior housing so that the second mask portion

2      covers the second portion of the exterior housing of the mobile phone;

3      d.     wherein said first and second mask portions are retained to the exterior

4      housing of the mobile phone.

5      40.     As presently advised, one or more Two Portion Accused Products also likely

6  satisfied the limitations of, and infringed, dependent Claims 7 and 8 of the '195 Patent.

7      **CLAIM 9**

8      41.     All Accused Products, as manufactured, sold, offered for sale, advertised, imported,

9  shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be

10  coupled to an exterior housing of a mobile phone having internal components including circuitry

11  and a battery, which are covered by the exterior housing, in accordance with the limitations of

12  Claim 9 of the '195 Patent.

13      42.     Specifically, all Accused Products comprised:

14      a.     a first mask portion, molded to conform to the shape of a first portion of the

15      exterior housing of the mobile phone; and

16      b.     the first mask portion having flanges to allow the first mask portion to be

17      coupled to the mobile phone to retain the first mask portion to the first

18      portion of the exterior housing so that the first mask portion covers the first

19      portion of the exterior housing of the mobile phone.

20      43.     As presently advised, one or more Two Portion Accused Products and also likely

21  satisfied the limitations of, and infringed, dependent Claims 10, 11, and 12 of the '195 Patent.

22      44.     To the extent required by law, BelAir has complied with the provisions of 35 U.S.C.

23  § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration

24  of the '195 Patent, BelAir is not aware of any such third party failing to comply with its respective

25  marking obligation prior to expiration of the '195 Patent.

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT

45.    Defendant had notice of the '195 Patent and the likelihood of infringement thereof at least as early as July 24, 2024, pursuant to email correspondence from BelAir to Defendant, with further correspondence exchanged.

46.    Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT III: INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676**

47.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

48.    Defendant directly infringed at least independent Claims 1, 5, 8, and 9 of the '676 Patent (prior to its expiration on or about October 23, 2021).

**CLAIM 1**

49.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of Claim 1 of the '676 Patent.

50.    Specifically, all Accused Products comprised:

    a.    an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

    b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface

COMPLAINT FOR PATENT INFRINGEMENT

of the integrally-formed mask body and the exterior shape of the exterior housing;

c.  at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

d.  at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

51.  As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, and 4 of the '676 Patent.

**CLAIM 5**

52.  All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of Claim 5 of the '676 Patent.

53.  Specifically, all Accused Products comprised:

a.  an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

b.  an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in

substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and

    c.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

54.    As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 6 and 7 of the '676 Patent.

**CLAIM 8**

55.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, in accordance with the limitations of Claim 8 of the '676 Patent.

56.    Specifically, all Accused Products comprised:

    a.    an integrally-formed mask body molded to conform to a shape of the exterior housing;

COMPLAINT FOR PATENT INFRINGEMENT

b.    inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

c.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

### CLAIM 9

57.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of Claim 9 of the '676 Patent.

58.    Specifically, all Accused Products comprised:

a.    an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the

COMPLAINT FOR PATENT INFRINGEMENT

protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

   b.    at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

   c.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

59.    As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 10, 11, and 12 of the '676 Patent.

60.    To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '676 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '676 Patent.

61.    Defendant had notice of the '676 Patent and the likelihood of infringement thereof at least early as July 24, 2024, pursuant to email correspondence from BelAir to Defendant, with further correspondence exchanged.

62.    Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

COMPLAINT FOR PATENT INFRINGEMENT

1

**PRAYER FOR RELIEF**

2          A.          WHEREFORE, Plaintiff BelAir Electronics, Inc. respectfully requests this Court

3     to enter judgment against Defendant Westside Lab, Inc. (dba CASETiFY) – and against each of

4     its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and

5     all persons in active concert or participation with it – granting the following relief:

6          B.          The entry of judgment in favor of Plaintiff and against Defendant;

7          C.          An award of damages against Defendant adequate to compensate Plaintiff for the

8     infringement that occurred from at least August 11, 2019 through expirations of the Asserted

9     Patents, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together

10    with prejudgment interest from the date infringement began; and

11         D.          Such other relief to which Plaintiff is entitled under the law and any other and

12    further relief that this Court or a jury may deem just and proper.

13

**JURY DEMAND**

14          Plaintiff demands a trial by jury on all issues presented in this Complaint.

15    Dated: August 11, 2025                    Respectfully submitted,

16
                                               */s/ Marc Libarle*
17                                             Marc Libarle (CABN: 071678)
                                               LAW OFFICES OF MARC LIBARLE
18                                             ml7006@gmail.com
                                               1388 Sutter St, Ste 910
19                                             San Francisco, CA 94109
                                               (415) 928-2400
20

21                                             HALLER LAW PLLC
                                               Timothy J. Haller (*Pro Hac Vice Pending*)
22                                             haller@haller-iplaw.com
23
                                               **Attorneys for Plaintiff,**
24                                             **BelAir Electronics, Inc.**

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT